IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAURA LEE TABAKIAN ) | |
| ) | |
|    Plaintiff ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. |
| THE LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
|    Defendant ) | |

## **COMPLAINT**

## **I. JURISDICTION AND PARTIES**

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff Laura Lee Tabakian (hereinafter "Plaintiff") is a citizen of the United States and of the State of Georgia.

4.

Defendant, The Lincoln National Life Insurance Company ("Defendant") is a

foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, Georgia 30092.

6.

Defendant negotiated, maintained and administered the disability plan at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

SouthCoast Medical Group contracted with Defendant to provide long term disability and progressive income benefits for its employees.

9.

At all times material to this action, an insurance policy for long term disability and progressive income benefits was in full force and effect constituting a binding

contract between Defendant and SouthCoast Medical Group.

10.

Defendant pays long term disability insurance benefits and progressive income benefits to covered employees of SouthCoast Medical Group under this policy from its own assets.

11.

SouthCoast Medical Group offered this coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's policy.

13.

Defendant administered the plan and made all decisions as to benefits payable to eligible employees of SouthCoast Medical Group.

14.

Plaintiff went out of work on or about October 12, 2015 from her job as a Practice Manager.

15.

Defendant denied benefits via letter dated April 20, 2016 stating that Plaintiff was not disabled during the elimination period or the own occupation period and

therefore was not eligible for benefits.

16.

On May 19, 2016, Plaintiff appealed this denial with medical records and a supportive statement from Dr. Joseph DeHaven, her treating endocrinologist.

17.

On June 22, 2016, Plaintiff submitted additional evidence regarding her adrenal insufficiency and the side effects of her hydrocortisone treatment, her growth hormone deficiency and fibromyalgia.

18.

On July 26, 2016, Defendant denied benefits stating that Plaintiff had a sedentary job and upon review of the medical records Defendant believed that she could perform it.

19.

Defendant also stated that Dr. DeHaven had agreed with its reviewing doctor in a phone conversation.

20.

On January 11, 2017, Plaintiff appealed this denial stating that she had been found disabled by the Social Security Administration under the any occupation standard and submitting additional medical records.

21.

On March 5, 2017, Plaintiff further appealed this decision with statements explaining that Dr. DeHaven did not agree with Defendant's reviewing doctor.

22.

On March 16, 2017, Defendant denied long term disability benefits at the final level stating that it acknowledged Plaintiff's diagnosis and the decision of the Social Security Administration but was not convinced by either.

23.

Administrative remedies have been exhausted with regard to both long term disability benefits and progressive income benefits.

24.

In denying Plaintiff's long term disability benefits Defendant acted irrationally.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS AND PROGRESSIVE INCOME BENEFITS

25.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 24 stated above.

26.

Plaintiff is entitled to LTD benefits under Defendant's policy for the following reasons:

a. These benefits are permitted under the policy and the summary plan description;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

27.

As a result of Defendant's failure to pay benefits to Plaintiff, Plaintiff is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff long term disability benefits from on or about April 1, 2016 and continuing, plus interest on all back benefits;

(2) Find and hold Defendant has breached its fiduciary duties to Plaintiff;

(3) Enjoin Defendant from any further prohibited acts against Plaintiff;

(4) Award attorney's fees with appropriate lodestar, plus litigation expenses and the costs of this action; and

(5) Grant other and further relief as may be just and proper.

This  5th   day of April, 2019.

                                      ROGERS, HOFRICHTER & KARRH LLC

                                      *s/Heather K. Karrh*
                                      HEATHER K. KARRH
                                      Attorney for Plaintiff
                                      Ga. State Bar No. 408379

Rogers, Hofrichter & Karrh LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118