# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LAURA LEE TABAKIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-073 |
| | ) | |
| THE LINCOLN NATIONAL | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a scheduling conference on August 27, 2019, and subsequently filed a report with the Court. Doc. 9. In doing so, the parties requested that the Court delay imposing deadlines for a period of four months while they attempted informal negotiations toward settlement. Doc. 9 at 4. However, no formal proposal for mediation or other alternative dispute resolution procedure was provided. Moreover, it also appears that plaintiff and defendant currently disagree as to the extent of the discovery applicable in this case.[1] In fact, the parties already believe that

---

[1] As ERISA encourages an efficient and inexpensive process, discovery is generally disfavored. *See Zorn v. Principal Life Ins., Co.*, 2010 WL 3282982 *2 (S.D. Ga. Aug. 18, 2010). In reviewing a denial of ERISA benefits, the Court will usually limit

plaintiff will need to brief the Court as to the extent of discovery that is appropriate. Doc. 9 at 6.

Considering the assertions of the parties, the Court determines that an extended four-month stay of this case is unwarranted. As there appears to be a pre-existing dispute regarding the extent and appropriateness of discovery, however, the Court will impose the following deadlines.

1. Plaintiff shall have thirty days from the date of this order to submit any motion requesting discovery in this case.

2. Defendant shall have fourteen days from the date plaintiff files her motion to respond.

---

discovery to only what was before the administrator at the time of its decision. *Blake v. Union Camp Int'l Paper*, 622 Fed. App'x. 853, 856 (11th Cir. 2015). Where appropriate, the Court can permit broader discovery. *See, e.g., Harvey v. Standard Ins. Co.*, 787 F.Supp.2d 1287, 1293 (N.D. Ala. 2011) ("[R]esolution of the conflict of interest issue post-[*Metropolitan Life Ins. Co. v. Glenn*, 128 U.S. 105 (2008)] would of necessity have to involve more than the facts as known to the administrator at the time the decision was made. (internal quotations omitted)); *Ricard v. Int'l Bus. Mach. Corp.*, 2012 WL 1121996 *1–2 (M.D. Fla. April 4, 2012) (recognizing that "limited discovery was appropriate in ERISA to permit the Court to evaluate: (1) the exact nature of the information considered by the fiduciary making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) Whether given the nature of the information in the record it was incumbent upon the fiduciary to seek outside technical assistance in reaching a 'full and fair review' of the claim; and (5) whether a conflict of interest exists.").

3. The parties shall have fourteen days from the date the Court rules on plaintiff's discovery motion to confer and file an amended 26(f) Report.

**SO ORDERED**, this 13th day of September, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA